**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| YAHOO INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 25-1110-JLH |
| | ) | |
| ACE AMERICAN INSURANCE COMPANY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

Pending before the Court are Plaintiff's Motion to Remand (D.I. 5) and Defendant Ace American Insurance Company's Motion to Dismiss the Complaint (D.I. 9).[1] Having reviewed the parties' submissions (D.I. 6, 10, 11, 12, 18, 19, 20, 21, 22), the Court concludes that Defendant's motion to dismiss should be granted and that Plaintiff's motion to remand should be denied.

1. The Court writes primarily for the parties and assumes familiarity with the Complaint. (D.I. 1, Ex. A.) The Complaint seeks a declaratory judgment that certain costs incurred by Plaintiff's European subsidiary related to two European regulatory proceedings regarding alleged violations of European law are covered under an insurance policy issued by Defendant to Plaintiff's parent company, Verizon Communications Inc. (*Id.* ¶¶ 1–2, 40–44; D.I. 12, Ex. A (the "Policy").)[2]

---

[1] This case was reassigned to me on April 15, 2026.

[2] The Policy is integral to the Complaint. The parties don't dispute that the Court may rely on the Policy in resolving the pending motions.

2. The Court first addresses Defendant's motion to dismiss.[3] Defendant first contends that the Court should dismiss this action under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.[4] (D.I. 10 at 6–12.) I agree.

3. To exercise personal jurisdiction over a defendant, a court must answer two questions, one statutory and one constitutional. First, the plaintiff must establish that jurisdiction over the defendant is appropriate under the long-arm statute of the state in which the court is located. Second, the plaintiff must establish that the court's exercise of jurisdiction over the defendant comports with the Due Process Clause of the U.S. Constitution.

4. Plaintiff argues that specific jurisdiction is proper under subsections (c)(1), (c)(2), and (c)(6) of the Delaware Long Arm statute, 10 Del. C. § 3104(c). Those subsections provide:

> (c) As to a cause of action brought by any person[5] arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident . . . who in person or through an agent:
>
> > (1) Transacts any business or performs any character of work or service in the State;
> >
> > (2) Contracts to supply services or things in this State;
> >
> > . . .

---

[3] The Court exercises its discretion to rule on Defendant's motion to dismiss for lack of personal jurisdiction before considering Plaintiff's motion to remand. *Cf. Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585–88 (1999) (holding that a district court does not abuse its discretion by addressing personal jurisdiction before subject matter jurisdiction in a case removed from state court). The Court notes that Plaintiff does not contend that the Court lacks subject matter jurisdiction but instead that the Court should exercise its discretion under 28 U.S.C. § 2201(a) to decline jurisdiction. (D.I. 6.)

[4] Defendant also contends that the Complaint should be dismissed per Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Because I determine that the Court lacks personal jurisdiction over Defendant, I do not address Defendant's arguments that the Complaint fails to state a claim.

[5] Section 3104(a) provides that "[t]he term 'person' in this section includes any natural person, association, partnership or corporation."

> (6) Contracts to insure or act as a surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

10 Del. C. § 3104(c).

5. Plaintiff asserts that the Court may exercise personal jurisdiction over Defendant under § 3104(c)(1), (2), and/or (6) because the Policy was issued to a Delaware corporation. (D.I. 19 at 6–9.) Defendant contends that those sections do not reach it because Plaintiff's cause of action—a declaratory judgment request seeking insurance coverage for costs incurred by Plaintiff's European subsidiary regarding European regulatory proceedings for alleged violations of various European laws—does not arise from Defendant's transaction of business or provision of insurance in Delaware. (D.I. 10 at 6–9.)

6. I agree with Defendant. The cause of action does not arise out of any act taken by Defendant in Delaware or relate to any contract to supply services in Delaware. Plaintiff does not seek compensation for any costs incurred in Delaware or resulting from acts taken in Delaware. There is no allegation or evidence that the Policy was negotiated or executed in Delaware. And the Policy says nothing whatsoever about Delaware.[6]

7. The only connection this case has to Delaware is that the policyholder (Plaintiff's parent company) and Plaintiff are Delaware entities. But merely transacting "contracting with or transacting business with a Delaware corporation is insufficient to support personal jurisdiction" under § 3104(c)(1) "absent facts . . . that, at a minimum, establish that performance of the contract/transaction took place in Delaware." *See Zausner Foods Corp. v. ECB USA, Inc.*, No. 20-

[6] The cover page of the Policy states in bold: "**New York**." (Policy at 1.)

1769, 2022 WL 609110, at *9 (D. Del. Jan. 31, 2022), *report and recommendation adopted*, No. 19-731, 2022 WL 884235 (D. Del. Mar. 25, 2022). The Delaware Supreme Court has similarly concluded that merely entering into an insurance contract with a Delaware entity does not, without more, subject an insurer to jurisdiction in Delaware under § 3104(c)(1) or (6). *300 W 22 Realty, LLC v. Strathmore Ins. Co.*, No. 22-03-147, 2023 WL 2300628, at *2–4 (Del. Super. Ct. Mar. 1, 2023) (assessing § 3104(c)(1), (6)), *aff'd,* 309 A.3d 1265 (Del. 2023); *see also Yankees Ent. & Sports Network, LLC v. Hartford Fire Ins. Co.*, 634 F. Supp. 3d 203, 209–11 (D. Del. 2023) (assessing § 3104(c)(1)), *aff'd*, No. 22-3121, 2023 WL 6291784 (3d Cir. Sept. 27, 2023).[7]

8. Plaintiff points out that Defendant is licensed to sell and does sell insurance in Delaware and has litigated other cases in Delaware courts. (D.I. 19 at 10–11.) But as Plaintiff concedes, these other acts "do[] not involve the specific policy or events at issue in Yahoo's Complaint[.]" (*Id* at 10.) The relevant subsections of the long-arm statute are specific jurisdiction provisions, which require that the cause of action arise from the defendant's conduct in the forum state. *Smith v. Tipsord*, 20-852-LPS, 2021 WL 4195791, at *3 (D. Del. Sept. 15, 2021). Delaware's long-arm statute does not reach the cause of action here.

9. Plaintiff alternatively requests jurisdictional discovery. (D.I. 19 at 12.) But to obtain jurisdictional discovery, Plaintiff needed to present "factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the

[7] Plaintiff's cited authorities are distinguishable and/or not binding on this Court. For example, in *Energy Transfer Equity, L.P. v. Twin City Fire Insurance Co.*, No. 19-11-009, 2020 WL 5757343, at *5 (Del. Super. Ct. Sept. 25, 2020), the plaintiffs sought coverage under director & officer insurance policies for a class action lawsuit pending in Delaware. And in *Sprint Communications Co. L.P. v. Mediacom Communications Corp.*, No. 17-1736, 2020 WL 5606843, at *4–5 (D. Del. May 6, 2020), the third-party defendant insurance company was obligated to defend and indemnify the third-party plaintiff against a patent infringement suit pending against the third-party plaintiff in Delaware.

forum state." *Aldossari v. Ripp*, 49 F.4th 236, 259 (3d Cir. 2022) (cleaned up). Plaintiff has not explained what specific jurisdictional discovery it seeks or how that discovery could possibly help it demonstrate the existence of the requisite contacts between Defendant and Delaware relating to the cause of action. Plaintiff has given the Court no reason to think that, with more evidence, it could connect some conduct by Defendant to the alleged cause of action—which, as explained above, is a coverage dispute about costs incurred by Plaintiff's European subsidiary regarding European regulatory proceedings for alleged violations of various European laws. Plaintiff is not entitled to jurisdictional discovery.

For the reasons above, IT IS HEREBY ORDERED THAT

1. Defendant Ace American Insurance Company's Motion to Dismiss the Complaint (D.I. 9) is GRANTED.

2. Plaintiff's Motion to Remand (D.I. 5) is DENIED.[8]

3. Plaintiff's Complaint is DISMISSED under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

---

[8] The Court denies Plaintiff's Motion to Remand (D.I. 5) because the Court lacks personal jurisdiction over Defendant. Even if the Court addressed the motion to remand on its merits, the Court would deny it. Plaintiff cites *Reifer v. Westport Insurance Corp.*, 751 F.3d 129 (3d Cir. 2014), and contends that the Court should exercise its discretion under 28 U.S.C. § 2201(a) to remand this action to the Delaware Superior Court because "(1) it involves an issue of state insurance law and, therefore, is best decided by the Delaware state courts, and (2) the District of Delaware has no compelling interest in presiding over this action." (D.I. 6 at 1.) But Plaintiff's briefs don't identify any particular disputed issue of Delaware insurance law, and it's not immediately clear to me that Delaware law even applies to the underlying coverage dispute. Even assuming the so-called *Reifer* factors apply to this situation, the Court would decline to remand this action because "the absence of pending parallel state court proceedings militates significantly in favor of exercising jurisdiction" and the remaining factors are neutral. *Reifer*, 751 F.3d at 144, 146.

4. The Clerk of Court is directed to close the case.

Dated: August 27, 2026

The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE